KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel William Cluse, | No. CV 21-08169-PCT-SMB (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Coconino County, et al., | |
| Defendants. | |

Plaintiff Daniel William Cluse, who is represented by counsel, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing and administrative fees. The Court will order Defendants Rowden, Driscoll, and Coconino County to answer Counts One through Four of the Complaint and will dismiss without prejudice the remaining claim and Defendants.

**I.  Statutory Screening of Prisoner Complaints**

Plaintiff appears to be confined in the Coconino County Jail. (*See* Doc. 1 ¶ 11.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

. . . .

**III.   Complaint**

Plaintiff names the following Defendants in his five-count Complaint: Coconino County, Coconino County Sheriff's Department, Coconino County Sheriff Jim Driscoll, and Coconino County Deputy Sheriff Travis Rowden and his wife, Leah Julia Rowden.[1] Plaintiff seeks money damages.

Plaintiff alleges that on August 6, 2019, he was arrested by numerous Coconino County Sheriff's Deputies "after an alleged criminal event in Parks, Arizona" and that during this time it was clear he was suffering a psychotic episode, was under the influence of a substance, or both. (*Id.* ¶¶ 4, 9.) Plaintiff claims he surrendered to law enforcement and was lying face down with his arms and legs stretched out. (*Id.* at 9.) Plaintiff alleges Defendant Rowden "jumped on Plaintiff's back and then began striking him multiple times in the face and head, causing facial fractures, scrapes and lacerations that required stitches." (*Id.*) Plaintiff was taken to Flagstaff Medical Center for treatment of "a large number of abrasions on his hands, arms, shoulder and chest, [his] right eye was black and blue and swollen, . . . and [he had] facial fractures from the multiple closed fist strikes to his face[.]" (*Id.* ¶ 10.) Plaintiff was then booked into the Coconino County Jail. (*Id.* ¶ 11.)

In **Count One**, Plaintiff alleges Defendant Travis Rowden violated his Fourth and Fourteenth Amendment rights when he used excessive force on Plaintiff during Plaintiff's arrest.

In **Count Two**, Plaintiff claims Defendant Driscoll failed to adequately train or supervise Defendant Travis Rowden. Plaintiff asserts "the custom and practice of the department is to give officers almost complete discretion whether to follow written policies or not and failures to follow policy are routinely tolerated." (*Id.* ¶ 18.) Plaintiff contends "Defendant Rowden did not follow the written policies of the department and no adverse disciplinary action was taken against him." (*Id.*) Plaintiff asserts "the failure to adequately supervise and the failure to provide adequate mandatory training to all officers shows

---

[1] Ms. Rowden appears to have been named based solely on her interest in community property owned with her husband.

complete and deliberate indifference to the rights of the public and to the risk that untrained officers will engage in unconstitutional conduct" and such failure to train "was the moving force behind the violation of [Plaintiff's] rights." (*Id.* ¶ 19.)

In **Count Three**, Plaintiff asserts a state law claim for assault and battery and alleges Defendant Rowden "intentionally engaged in an act that resulted in harmful or offensive contact with [Plaintiff] by first jumping on him while he was on the ground followed by repeatedly punching him in the face." (*Id.* ¶ 21.)

In **Count Four**, Plaintiff raises a state claim for intentional infliction of emotional distress and claims Defendant Rowden's "intentional conduct of jumping on [Plaintiff], a person who clearly was not in his right mind and/or under the influence, while already on the ground followed by repeatedly punching him in the face was extreme and outrageous and caused [Plaintiff] to suffer extreme emotional distress." (*Id.* ¶ 23.)

In **Count Five**, Plaintiff claims his Fourteenth Amendment rights were violated when he was not provided proper medical treatment for his injuries, other than pain medication. Plaintiff states he suffers significant pain and discomfort as a result of his injuries.

**IV.    Failure to State a Claim**

   **A.    Coconino County Sheriff's Department**

The Coconino County Sheriff's Department is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. The sheriff's department is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, the Coconino County Sheriff's Department will be dismissed from this action.

   **B.    Count Five**

The Ninth Circuit Court of Appeals has held that "claims for violations of the right

**TERMPSREF**

- 3 -

to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). To state a medical care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff has not linked his allegations in Count Five to any specific defendant and has not alleged sufficient facts regarding his injuries and medical treatment to support a claim that the treatment he received was objectively unreasonable. The Court will therefore dismiss without prejudice Count Five.

. . . .

### V.  Claims for Which an Answer Will be Required

Plaintiff has adequately stated a claim in Counts One through Four and the Court will require Defendants Travis Rowden, Driscoll, and Coconino County to answer these claims.

**IT IS ORDERED:**

(1) Defendant Coconino County Sheriff's Department is dismissed without prejudice.

(2) Count Five of the Complaint is dismissed without prejudice.

(3) The remaining Defendants must answer Counts One through Four of the Complaint.

(4) Plaintiff must either serve each Defendant or seek a waiver of service for each Defendant.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(6) Defendants must answer or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(8) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

. . . .

. . . .

. . . .

TERMPSREF

(9) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 15th day of September, 2021.

Honorable Susan M. Brnovich
United States District Judge

TERMPSREF

- 6 -